UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **13-20705-CIV-MORENO**

MICHE DUARTE HERNANDEZ,

    Plaintiff,

vs.

ART DECO SUPERMARKET *et al.*,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DEEM DEFENDANT PETER J. NEARY SERVED

THIS CAUSE came before the Court upon Plaintiff's Motion to Deem Defendant Peter J. Neary Served **(D.E. No. 20)**, filed on **June 27, 2013**.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED.

### I. Background

This is a cause of action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* Plaintiff is seeking allegedly unpaid overtime for hours he worked as a butcher for Defendants. Plaintiff filed his Complaint on **February 27, 2013** against three Defendants: Art Deco Supermarket at Normandy Isle, LLC, Art Deco Supermarket (1435 Washington Avenue 2007) LLC, and Peter J. Neary. The two corporate Defendants were served on **March 7, 2013**, and the executed summons were returned on **April 3, 2013**. It is undisputed that Defendant Neary has not been served. 120 days has passed since the filing of the Complaint.

On **March 26, 2013**, Defendants, including Defendant Neary, filed a Motion to Dismiss under Fed. R. Civ. P. Rule 12(b)(1) and (6). Defendant Neary did not object to service and did not raise any defenses related to personal jurisdiction, insufficient service, or insufficiency of service. On **June 27, 2013**, Plaintiff filed a Motion to deem Defendant Peter J. Neary served. it is not disputed that this was the final day of the 120-days with which Plaintiff must serve Defendant under Fed. R. Civ. P. 4(m). Defendant Neary filed his Response on **July 15, 2013**.

## II. Legal Analysis

Under the Federal Rules of Civil Procedure, the Court must dismiss without prejudice or order that service be completed within a specified time any action against a Defendant who has not been served within 120 days after a complaint is filed. Fed. R. Civ. P. 4(m). A party may assert the defenses of lack of personal jurisdiction, insufficient process, or insufficient service of process by motion or in a responsive pleading. Fed. R. Civ. P. 12(b)(2)-(5). A party waives defenses under Federal Rule 12(b)(2)-(5) if it omits them from a Rule 12 motion. Fed. R. Civ. P. R. 12(g)(2), 12(h)(1).

The 11th Circuit has interpreted Rule 12(h)(1) to mean "a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion." *Pardazi v. Cullman Med. Ctr.*, 896 F.3d 1313, 1317 (11th Cir. 1990). Parties must raise the affirmative defenses based on personal jurisdiction and insufficient service of process in their first Rule 12 motion, other initial pleading, or general appearance. See *In re Worldwide Web Sys.*, 328 F.3d 1291, 1299 (11th Cir. 2003). Once a party has waived an objection to personal jurisdiction or insufficient service of process, "the court may not, either upon the defendant's motion or its own initiative, dismiss the suit for lack of personal

jurisdiction or insufficient service of process." *Id.*; *Hemispherix Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008). Courts in this district have deemed Defendants validly served where they have waived service of process. *See Hofman v. EMI Resorts, Inc.*, 2010 WL 9034908, at *8 (S.D. Fla. July 21, 2010) (Gold, J.) (certain defendants agreed to waive jurisdictional defenses).

In the instant case it is not disputed that Plaintiff failed to serve Defendant Neary within 120 days as required by Rule 4(m). However, all Defendants, including Defendant Neary, filed a Motion to Dismiss pursuant to Rules 12(b)(1) and (6). **D.E. 7**. Defendant Neary did not appear specially. Because Defendant Neary filed a Rule 12 Motion, and because Defendant Neary did not raise his affirmative defenses based on lack of personal jurisdiction or insufficient service of process at that time, Defendant Neary has waived them.

Defendant Neary argues that he has not waived his right to challenge the Court's personal jurisdiction over him by filing the Motion to Dismiss because "the arguments raised in the Motion to Dismiss on behalf of the individual Defendant Neary were derivative arguments raised by the Corporate Defendants." Memo. in Opposition to Plaintiff's Motion to Deem Defendant Neary Served at 4 (July 15, 2013). While it is true that, in certain circumstances, an individual cannot be held personally liable for corporate acts if the corporation is not found liable, this "derivative argument" does not apply to issues regarding personal jurisdiction. *Cf. F.T.C. v. USA Fin.*, 415 Fed.Appx. 970, 975 at n.3 (11th Cir. 2011). Indeed, Defendant Neary has cited no case or statute, and this Court has found none, that support the proposition that an appearance made in Court by an individual defendant does not waive objections to personal jurisdiction because liability of, and thus the Court's jurisdiction over the individual are derivative of the potential liability and the Court's jurisdiction

-3-

over the corporate co-Defendants. This argument has no merit and no support in law. Thus, this Court finds that Defendant Neary has waived any objection to insufficient service of process or personal jurisdiction.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion to Deem Defendant Peter J. Neary Served, or Alternatively, for an Enlargement of Time to Serve is hereby GRANTED. This Court deems Defendant Peter J. Neary served.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of July, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record