UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number:  13-20705-CIV-MORENO

MICHE DUARTE HERNANDEZ,

      Plaintiff,

vs.

ART DECO SUPERMARKET *et al.*,

      Defendant.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

### I. Background

This is a case under the Fair Labor Standards Act ("FLSA"). Plaintiff works as a butcher at Defendant Grocery Stores, and has sued for unpaid overtime under both the individual and enterprise theories. Defendant Peter J. Neary is his supervisor and allegedly controls his hours. Defendants have moved to dismiss the complaint. They argue that, as a local grocery store, they do not engage in commerce as defined by the Act. They also argue that the Complaint is insufficiently plead.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. The Court finds that the elements of the cause of action are not jurisdictional, and are thus not a bar to this Court exercising subject matter jurisdiction. Further, though Plaintiff's Complaint is not particularly detailed, he has stated enough to overcome the 12(b)(6) standard.

**II. Subject Matter Jurisdiction**

Defendant's Motion to Dismiss explicitly cites only Fed. R. Civ. P. 12(b)(6) failure to state a claim. However, Sections A and B of the Motion argue that this Court lacks subject matter jurisdiction. Thus, it is clear that Defendant is moving to dismiss under Fed. R. Civ. P. 12(b)(1) as well.

"When a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56." *Morrision v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003). The 11th Circuit has "cautioned, however, that the district court should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's cause of action." *Turcios v. Delicias Hispanas Corp.*, 275 Fed.Appx. 879, 880 (11th Cir. 2008). If a jurisdictional challenge implicates the merits of the underlying claim then "[t]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.* (*citing Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997).

Claims under § 207 of the FLSA for unpaid overtime require that an employer must pay overtime to "any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). An "enterprise engaged in commerce" is defined under the FLSA as an enterprise(1) that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2)

"whose annual gross volume of sales made or business done is not less than $500,000." *Id.* at §
203(s)(1)(A).

The Supreme Court has recently stated that "[s]ubject matter jurisdiction in federal-question
cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant
bound by the federal law asserted as the predicate for relief-a merits-related determination." *Arbaugh
v. Y & H Corp.* 546 U.S. 500, 511 (2006). Since *Arbaugh*, the First Circuit has found that enterprise
coverage under the FLSA is not a jurisdictional prerequisite. *See Chao v. Hotel Oasis, Inc.*, 493 F.3d
26, 33 (1st Cir. 2007) (finding that the annual dollar value requirement was not a jurisdictional
requirement but an element of the claim). Because the jurisdictional issue was not disputed in
*Turcios*, the Eleventh Circuit did not decide whether "enterprise coverage is a jurisdictional
prerequisite." *Turcios*, 275 Fed.Appx. at 882 n.5. Although it did not decide the jurisdictional issue,
the Eleventh Circuit nevertheless found that "the question of enterprise coverage is also intertwined
with the merits of an FLSA claim" and reversed the district court's dismissal under 12(b)(1). *Id.* at
882-83.

Moreover, following *Turcios*, courts in this district have found that "that the individual or
enterprise coverage prongs are elements of the plaintiff's claim and are not jurisdictional." *Rodriguez
v. Diego's Restaurant, Inc.*, 619 F.Supp.2d 1345, 1351 (S.D. Fla. 2009); *See also Cabrera v. 27 of
Miami Corp.*, 2009 WL 2076095 at *4 (S.D. Fla. July 13, 2009). This court has before it a motion
to dismiss, and no discovery has taken place. Thus, the Court finds that it has jurisdiction, and the
interstate commerce requirements underlying both the individual and enterprise coverage claims are
elements of the cause of action, not jurisdictional prerequisites.

The cases Defendant relies on are not applicable to the present motion. In *Guzman v.*

*Irmadan, Inc.*, the Eleventh Circuit upheld the district court's decision that there was no interstate commerce decided at the summary judgment stage. *Guzman v. Irmadan, Inc.*, 322 Fed.Appx. 644 (11th Cir. 2009). Indeed, in that case, the trial court allowed the parties to permit additional discovery after regarding jurisdiction after defendant's motion to dismiss, which was ruled on as a motion for summary judgment. *See Guzman v. Irmadan, Inc.*, 551 F.Supp.2d 1368 (S.D. Fla. 2008); *Palma v. Safe Hurricane Shutters, Inc.*, 615 F.Supp.2d 1339, 1344 (S.D. Fla. 2009). Likewise, the Eleventh Circuit again upheld a grant of summary judgment in *Sandoval v. Florida Paradise Lawn Maintenance*, 303 Fed.Appx. 802 (11th Cir. 2008).

Similarly, Defendant's reliance on *Thorne v. All Restoration Svcs.* is misplaced. In *Thorne*, the Eleventh Circuit upheld the trial court's grant of Defendant's Rule 50 motion. *Thorne v. All Restoration Svcs.*, 448 F.3d 1264, 1268 (11th Cir. 2006). The Court reasoned that, for the purposes of an interstate commerce determination, "a customer who purchases an item from Home Depot is not engaged in commerce even if Home Depot previously purchased it from out-of-state wholesalers." *Id.* at 1267. The Court found that the plaintiff "did not produce sufficient evidence that he engaged in interstate commerce." *Id.* at 1268. As with *Guzman* and *Sandoval*, the plaintiff in *Thorne* was permitted extensive discovery before his case was ultimately adjudicated against him. No such discovery has taken place in the case at bar. It would be clear error for this court to hold the Plaintiff to the same evidentiary standard on a motion to dismiss as he will be held to at a jury trial, and the Court declines to do so.

The Court is aware of *Velazquez v. All Florida Security Corp.*, 2008 WL 5232916 (S.D. Fla. Dec. 15, 2008) (King. J.). In that case, Judge King granted summary judgment for an employer against an employee night watchman where the employer had contracted the employee to a grocery

store. In dicta, the court reasoned that, even if the plaintiff had worked directly for the grocery store, he still would not have been covered under the FLSA because "[t]he interstate journey of the groceries came to rest once [the grocery store] purchased them to sell to local consumers within Miami-Dade county. *Id.* at *3. This case, like those cited by Defendant, was decided at the summary judgment, not motion to dismiss stage, and *Velazquez's* characterization of the interstate role of a grocery store is not binding on this Court.

Additionally, the Defendants in the case at bar do not distinguish whether their 12(b)(1) motion is a facial or factual attack. They do not even style it as a motion to dismiss under 12(b)(1), but rather, they merely allude to the Court lacking jurisdiction. Thus, it is not "properly challenged." For the reasons above, that argument is not valid. This Court should deny the motion to dismiss for lack of subject matter jurisdiction at this time.

### III. Individual Liability is Sufficiently Plead Against Defendant Neary

Defendants further argue that Plaintiff has insufficiently plead individual liability against Defendant Peter. J. Neary. The definition of employer in the Fair Labor Standards Act includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). For an individual officer to be held personally liable under the Fair Labor Standards Act, the officer must either "be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). In the Complaint, Plaintiff alleges that Defendant Neary "is a corporate officer and/or owner and/or manager of the Defendant Limited Liability Companies who ran the day-to-day operations of the Defendant Limited Liability Companies for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule."

Compl. at ¶ 5. Defendants argument that these statements are conclusory misuse the word. This is a sufficient pleading that, when taken as true, as the Court must, would allow the trier of fact to determine that Defendant Neary was Plaintiff's employer.

## IV. Plaintiff has sufficiently Pleaded that the Two Corporate Defendants were Joint Employers

Under the Fair Labor Standards Act, an "enterprise" is defined as "related activities (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units..." 29 U.S.C. § 203(r)(1). The "statutory provision requires the existence of three elements: (1) related activities; (2) unified operation or common control; and (3) a common business purpose." *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 (11th Cir. 1984). Regarding the third prong, the FLSA does not define "common business purpose," but "[m]any of the considerations relevant in determining the existence of related activities are pertinent to determine the existence of a "common business purpose." *Id.* at 1553. "[I]f the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act." 29 C.F.R. 791.2(a).

The Complaint alleges that the two corporate defendants are "joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the limited liability companies, performed through unified operation and/or control are being done for a common business purpose." Compl. at ¶14. It further alleges that the two stores were "each Plaintiff's joint employer during Plaintiff's employment with the Defendant Limited Liability Companies as the work performed by Plaintiff

simultaneously benefited [*sic*] all Defendant Limited Liability Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same limited liability company officers for a common business purpose." Compl. at ¶15. The Complaint likewise contends that Peter J. Neary "ran the day-to-day operations of the Defendant Limited Liability Companies for the relevant time period."

Defendant has argued that there are no factual allegations to support Plaintiff's claim that the corporate defendants constituted a joint enterprise, and that all of Plaintiff's factual allegations are merely conclusory. If the Complaint was limited to solely paragraph 14, Defendant's arguments may have some merit. However, while not detailed, the Complaint does enough to allege that the two corporate defendants satisfy the statutory meaning of "enterprise." First, they are both alleged to be supermarkets, and thus satisfy the related activities prong. Second, Plaintiff has alleged that Defendant Peter J. Neary ran the day-to-day operations, satisfying the second prong. Finally, regarding the common business purpose, the Complaint has alleged that the corporate defendants are (1) two grocery stores with the (2) same "Art Deco Supermarket" trade name and the (3) same officer running the day-to-day operations. This is sufficient to satisfy the common business purpose element. Plaintiff has sufficiently plead that the corporate defendants are a joint employer and an enterprise under the meaning of the statute.

## V. The Plaintiff has Properly Pleaded his Complaint

Finally, Defendant argues that the entire complaint is both impermissibly conclusory and a "shotgun" pleading. Neither statement is correct. For the same reasons as discussed above, the Complaint is not conclusory. Further, this complaint comes nowhere near being the type of "shotgun pleading" that "inexorably broadens the scope of discovery" that has Defendants so concerned for

judicial economy and targeted discovery. *See Davis v. Coca Cola Bottling Co. Cons.*, 516 F.3d 955, 982 (11th Cir. 2008). The Complaint contains one count for unpaid overtime, under both the individual and enterprise liability under the Fair Labor Standards Act. It is barely longer than four pages. This case is relatively straightforward, and is certainly not the type complaint that would cause the "framers of the Federal Rules of Civil Procedure . . . [to] roll over in their graves." *Id.* at 979.

## VI. Conclusion

This Court hereby DENIES Defendant's Motion to Dismiss. Defendant is not entitled to a dismissal under Rule 12(b)(1) or 12(b)(6). Plaintiff has properly pleaded his complaint and has alleged sufficient facts that, taken as true, "allow the court to draw the reasonable inference that defendant[s] [are] liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of October, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-8-